**Pablo J. SANTIAGO–LAVANDERO (582–82–3947), Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 84–2001CC.

United States District Court, D. Puerto Rico.

March 20, 1986.

Cristina Muñoz-Gándara, Hato Rey, Puerto Rico, for plaintiff.

Daniel F. López-Romo, U.S. Atty., Fidel A. Sevillano-del-Río, Asst. U.S. Atty., Hato Rey, Puerto Rico (Annette H. Blum, Regional Atty., Region II, David Engel, Asst. Regional Atty., Office of Gen. Counsel, Dept. of Health and Human Services, of counsel), for defendant.

## JUDGMENT

CEREZO, District Judge.

This is a petition for review of the Secretary of Health and Human Services' final determination that plaintiff was rendering substantial services as a self-employed individual and that no retirement benefits were payable pursuant to section 203, subsections (b) and (h)(3) of the Social Security Act, as amended. 42 U.S.C. Sections 403(b) and 403(h)(3).

Section 203(b) of the Act, 42 U.S.C. Section 403(b) provides that the Secretary may make deductions from payments, including retirement benefits, on the basis of the individual's earnings, if "excess earnings" as defined in subsection (f)(3), are chargeable to such payments. In addition, subsection 203(h)(3), 42 U.S.C. Section 403(h)(3), authorizes the Secretary to suspend the total or less than the total payment for each month in a taxable year if he determines that it may reasonably be expected that the individual entitled to such benefits will suffer deductions imposed under subsection (b) of this section for excess earnings. The burden is on the individual to show that he will most likely render substantial services during that taxable year. His failure to furnish the Secretary with a declaration of his estimated earnings for that taxable year and such other information requested by the Secretary is sufficient justification for a determination that it may be reasonably expected that the individual will suffer deductions on account of excess earnings.

On August 14, 1982 plaintiff filed an application for retirement insurance benefits stating that he attained sixty-five years of age on September 14, 1981. The information requested regarding his income for the year 1981 and his estimated income for 1982 was omitted as "unknown" to the applicant, who stated that he was a self-employed attorney but had not filed tax returns for some years. Based on this application, on August 20, 1982 the Secretary determined that although plaintiff was entitled to retirement benefits under the Act, these benefits were not payable since plaintiff had rendered substantial services and deductions for earnings were in order. Plaintiff moved for reconsideration on October 19, 1982 stating that he would submit additional evidence within ten days. On reconsideration, the initial determination was affirmed since he had not submitted his insular tax returns. Plaintiff then requested a hearing claiming that he had submitted copies of his tax returns for the years 1981 and 1982 which proved the fact that he had no earnings for such years and that he does less than fifteen hours of work a month. A hearing was held on August 5, 1983 at which plaintiff testified that he had submitted his tax return for 1981 on October 26, 1982, prior to the decision on reconsideration. As to tax returns for other years, he testified that he had not submitted them because the year in issue was 1981 and he had not been requested to submit for those years. Furthermore, he stated he had not filed any tax returns for those years. He testified also that he had retired from his profession since 1981 and was not receiving any income. He stated that he took one or two cases a year, sometimes for free and that he went to his office everyday for an hour or two to collect rent from certain apartments that he owns. At the end of the hearing, plaintiff agreed to submit details regarding his income by means of a written sworn statement and other documentation. He further agreed that he would file tax returns for 1979 and 1980 and would submit them in support of his claim. The tax returns for 1979 and 1980, together with plaintiff's sworn statement and brief, were finally submitted on or after September 2, 1983. On October 17, 1983 the administrative law judge issued his decision concluding that plaintiff is not retired and continues to

receive income which subjects him to total deduction of his benefits. The administrative law judge found that plaintiff spent forty to forty-four hours monthly at his office in furtherance of his trade as an attorney. According to the administrative law judge, this was evidenced by the fact that in his tax returns plaintiff listed "attorney" as his profession, had to hire an assistant in 1979 and 1980 and had representation and travel expenses in the amount of $1,886.97 in 1979, $640.25 in 1980 and $672.06 in 1981. In addition to this, the administrative law judge noted that plaintiff had depreciated his legal library and office equipment. Based on this, the administrative law judge did not give credibility to plaintiff's statement that he visited his office to attend to matters other than his legal trade.

We find that the Secretary's decision is not supported by substantial evidence in the record as a whole. At the outset, plaintiff is claiming that he retired in 1981, not 1979 or 1980. Therefore, the fact that he had to hire help in 1979 and 1980 does not support a finding that in 1981 he was rendering substantial services as an attorney. Similarly, the fact that in his 1981 return he indicated that his occupation was "attorney" has little meaning where he also indicates that he had net losses from his occupation and the major part of his income was derived from rents.[1] Also, the fact that he deducted expenses and depreciated his legal library and office equipment means little where the earnings considered for purposes of a determination as to whether benefits are not payable to an individual because he has incurred in "excess earnings" are the *net* earnings of that individual. See 20 C.F.R. Sections 404.429 and 404.430 (1985); see also Section 404.-1080, *id.* In the case of plaintiff, however, because 1981 was his "grace" year, as defined in 20 C.F.R. Section 404.435(c)(1), the "substantial services" test was to be applied in order to determine whether plaintiff should be considered retired. See 20 C.F.R. Section 404.446 (1985). It is in rela-

tion to this test that the tax returns for 1979 and 1980 were to be considered, not for purposes of finding that because plaintiff had earnings of $16,461.46 in 1979 and $5,027.18 in 1980 he must have worked more than forty-five hours per month or (more than fifteen hours in the case of a skilled occupation) in 1981, but for the purpose of comparing the extent and nature of the activity performed by the plaintiff before he allegedly retired, to that performed thereafter. See 20 C.F.R. Sections 404.446 and 404.447 (1985). "A significant reduction in the amount or importance of services rendered in the business tends to show that the individual is retired." 20 C.F.R. Section 404.447(c) (1985). This is precisely what a comparison of the 1979, 1980 and 1981 tax returns reflect. Plaintiff, who was not retired in 1979 and 1980 made considerably more from his occupation during those years than in 1981 when he had net losses of $2,055.69. This corroborates his testimony that he does not do much legal work at his office, although he goes there every day for one or two hours unless, of course, the Secretary found that plaintiff lied in his tax returns, a finding that has not been made. It is to be noted that the Secretary did find that plaintiff was a tax delinquent in the sense that he failed to file tax returns for many years. It may be that this fact and the fact that the tax returns filed after the Secretary requested them as evidence of plaintiff's retirement and which could be considered self-serving, could render plaintiff's testimony incredible, but this was not the basis of the Secretary's findings and it is not necessarily so. In any event, this is a matter to be determined by the appropriate enforcement agency.

Based on the evidence in the record as a whole only a determination that plaintiff did not render substantial services in 1981 was justified. It does not follow, however, that because plaintiff did not render substantial services in 1981 the Secretary could not make deductions from payments

---

1. Rentals from real estate and personal property leased with the real estate are excluded in figuring an individual's net earnings from self-employment.

or suspend payments if he determined that plaintiff had excess earnings or it could reasonably be expected that he would suffer deductions on account thereof, for years after 1981. It does not appear from this record that the Secretary has made such a determination. The Secretary's decision was based on an assessment of plaintiff's earnings in 1979, 1980 and 1981 and it was limited to whether plaintiff had rendered substantial services in 1981. The Secretary's decision is REVERSED and the case is REMANDED to the Secretary for computation of benefits payable to plaintiff upon consideration that he did *not* render substantial services in 1981.

SO ORDERED.